1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRENT LEE HARDING,                    No.  2:15-cv-1927 CKD P

12                 Plaintiff,

13         v.                              ORDER

14   RIO COSUMNES CORRECTIONAL
     FACILTY, et al.,
15
                    Defendants.
16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  Defendants have filed a motion arguing that plaintiff's in forma

19   pauperis (IFP) status should be revoked because, according to defendants, plaintiff has "struck

20   out" under 28 U.S.C. § 1915(g).

21        Title 28 U.S.C. § 1915(g) reads as follows:

22             In no event shall a prisoner bring a civil action . . . [under the in
               forma pauperis statute] if the prisoner has, on 3 or more prior
23             occasions, while incarcerated or detained in any facility, brought an
               action or appeal in a court of the United States that was dismissed
24             on the grounds that it is frivolous, malicious, or fails to state a claim
               upon which relief may be granted, unless the prisoner is under
25             imminent danger of serious physical injury.

26   /////

27   /////

28   /////

Defendants identify the following Eastern District of California cases as potential "strikes:"

    1. 2:15-cv-1364 CKD P, judgment entered September 3, 2015.

    2. 2:15-cv-1890 CKD P, judgment entered November 18, 2015.

    3. 2:16-cv-0116 CKD P, judgment entered March 22, 2016.[1]

Plaintiff's initial complaint was filed on September 11, 2015. Therefore, at the time plaintiff brought this action, two of the cases identified by defendants were not "strikes;" 2:15-cv-1890 CKD P was still pending, and 2:16-cv-0116 CKD P had not yet been brought. Accordingly, defendants have not shown that plaintiff has "struck out" under § 1915(g).[2]

In their reply brief, defendants assert, for the first time, that the court should revoke plaintiff's IFP status because of plaintiff's "abusive" pattern of litigation. In support of this argument, defendants cite Visser v. Supreme Court of Cal., 919 F.2d 113, 114 (9th Cir. 1990). In that case, a mandamus petitioner brought eleven petitions asserting essentially the same claims. After the first six were denied, petitioner was denied permission to proceed IFP with respect to the next five due to his "manifestly abusive" pattern of litigation.

This argument is not properly before the court because plaintiff has not had a chance to respond to it. In any case, when plaintiff sought permission to proceed IFP in this action, only one case brought by him had been deemed by the court to have no merit. This is in no way comparable to the situation in Visser.

/////

/////

---

[1] Pursuant to defendants' requests, the court takes judicial notice that plaintiff was also the plaintiff in these actions and that they were dismissed on the dates indicated. See Fed. R. Evid. 201.

[2] In their reply brief, defendants argue that strikes do not have to be incurred before an action is brought to be counted as strikes for purposes of that action. In making this argument, defendants, without explanation, ignore the phrase "[i]n no event shall a prisoner **bring** a civil action . . . ." Under the plain meaning of § 1915(g) it is the bringing of civil action which is to be denied if the appropriate criteria are met, not the continued prosecution of it. See e.g. Wilson v. Wann, No. 2:06-cv-1629 GEB KJM P, 2008 WL 4166886 at * 1 (E.D. Cal. Sep. 8, 2008).

1       Accordingly, IT IS HEREBY ORDERED that defendants' motion for revocation of

2  plaintiff's in forma pauperis (ECF No. 24) status is denied.

3  Dated: July 28, 2016

4  _____
    CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8  1
  hard1927.rifp

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3