UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIO COSUMNES CORRECTIONAL FACILITY, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-1927 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  He is proceeding with claims against defendants Padilla, Gonzales[1], and the County of Sacramento arising under the Due Process Clause of the Fourteenth Amendment.  Defendants Padilla and Gonzales have filed a motion to dismiss arguing plaintiff's first amended complaint fails to state a claim against them upon which relief can be granted.[2]

////

---

[1] This defendant was originally named as "Gonzalez," but apparently the correct spelling is "Gonzales."

[2] In his opposition to the motion to dismiss, plaintiff makes certain assertions of fact which do not appear in his first amended complaint.  Because the court can generally only consider allegations of fact made in the pleadings when ruling on motion to dismiss, Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), these additional facts are not considered.

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his first amended complaint, plaintiff alleges, in relevant part, as follows with respect to defendants Padilla and Gonzales:

1. At all times relevant, plaintiff was incarcerated at the Rio Cosumnes Correctional Center (RCCC), one of two jails operated by defendant County of Sacramento.

2. On or about April 5, 2015, plaintiff met with defendant Dr. Padilla. Plaintiff explained to Dr. Padilla that he suffers from plantar fasciitis. Before plaintiff was incarcerated, plaintiff wore soft shoes and was prescribed Norco for his condition because it caused plaintiff extreme pain. Dr. Padilla told plaintiff he would not be provided special shoes or pain management medication at RCCC due to policies of Sacramento County.

3. Plaintiff also told Dr. Padilla that he suffers from an allergy to a meat preservative plaintiff identifies as either polypropylene glycol or polyethylene glycol. Because of this, plaintiff asserted that his diet must include only fresh meats. According to plaintiff, when he ingests polypropylene glycol or polyethylene glycol, he becomes nauseous and has violent headaches. Dr. Padilla told plaintiff not to eat any of the meat offered to him, and that no supplements would be provided.

////

        4. Plaintiff then filed an inmate grievance with respect to the two issues described above. Defendant Gonzales, LVN, was assigned to respond to the grievance. Nurse Gonzales ignored plaintiff's foot problems, and essentially reiterated that plaintiff should not eat meat. She also indicated that the Sacramento County Sheriff's Health Services Unit is responsible for the dietary plan at RCCC and they do not offer a modified plan for plaintiff's condition.

        5. Plaintiff indicated that at the time he filed his complaint he suffered from constant pain in his feet and constant hunger.

        Plaintiff seeks damages for his injuries.

        While not entirely clear, it appears plaintiff was a pretrial detainee in the RCCC at all times relevant to this case.[3] This being the case, the rights afforded to plaintiff under the Constitution arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, as the Eighth Amendment only applies to those convicted of a crime. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Nonetheless, the standard of medical care demanded by the Constitution with respect to the treatment of pretrial detainees and convicted prisoners is the same. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010). In order to adequately plead a Constitutional violation, a pretrial detainee or convicted prisoner must point to facts showing that he or she suffered an injury caused by deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

        Defendants assert that defendant Dr. Padilla should be dismissed from this action because, "as plaintiff's allegations make clear, Padilla was simply following [Sacramento] County's alleged policy and thereby cannot be held liable for enforcing such a policy." As indicated above, plaintiff alleges that defendant Padilla told plaintiff he could not provide plaintiff with soft shoes, pain medication or a diet free of polypropylene glycol or polyethylene glycol because of Sacramento County policies. The fact that defendant Padilla told plaintiff his options were limited by Sacramento County policy, however, is not dispositive. An inference could be made that defendant Dr. Padilla, as a physician, had the authority to render decisions regarding

---

[3] Plaintiff now resides in the California Department of Corrections and Rehabilitation. It is not clear when plaintiff became a convicted prisoner rather than a pretrial detainee.

treatment, was indifferent to plaintiff's issues, and tried to mask his indifference with a false statement as to Sacramento County policies.  In support of this inference, it is important to note that, in its answer, Sacramento County does not admit to the policies identified by defendant Padilla and there is no other evidence of the policies.  If defendants prove through a motion for summary judgment that there is no genuine issue of material fact that the policies identified by Dr. Padilla existed, Dr. Padilla might very well be entitled to summary judgment.  At this point, however, Dr. Padilla is not entitled to dismissal based upon his own assertions as to why medical care, including dietary modification, was not provided to plaintiff.

As for defendant Gonzales, defendants argue she should be dismissed because simply responding to an inmate grievance cannot provide a basis for liability under 42 U.S.C. § 1983.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (responding to an inmate grievance does not provide the basis for liability under a § 1983 deliberate indifference claim); Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (denial of grievance, by itself, not sufficient for liability under 42 U.S.C. § 1983).[4]  The court agrees.  For these reasons, the court will recommend that defendant Gonzales be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 15) be granted in part and denied in part as follows:

1. Granted with respect to plaintiff's remaining claim against defendant Gonzales; and

2. Denied with respect to plaintiff's remaining claim against defendant Padilla.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

[4] This is true whether plaintiff is a pretrial detainee or a sentenced prisoner.  See Flournoy v. Fairman, 897 F.Supp. 350, 354 (N.D.Ill. 1995).

1 | objections shall be served and filed within fourteen days after service of the objections.  The
2 | parties are advised that failure to file objections within the specified time may waive the right to
3 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | Dated:  October 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hard1927.mtd